USCA1 Opinion

 

 April 25, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2177 KENNETH E. BLEVENS, SR., ET AL., Plaintiffs, Appellants, v. TOWN OF BOW, NEW HAMPSHIRE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ John E. Laboe and Laboe Associates on brief for appellants. _____________ ________________ Gary B. Richardson and Upton, Sanders & Smith on brief for appellees. __________________ ______________________ ____________________ ____________________ Per Curiam. Appellants Kenneth Blevens, Sr., ____________ Christopher Blevens, and Kenneth Blevens, Jr. appeal the grant of appellees' motion for summary judgment on appellants' federal claims and the dismissal of appellants' state claims without prejudice. Appellants seek relief, pursuant to 42 U.S.C. 1983 and state law, for alleged violations of their rights arising out actions by appellees Town of Bow, members of its planning board, and its town planner. We affirm essentially for the reasons given in the district court order dated October 12, 1994. We add only the following. Even if we assume arguendo that appellees violated the ________ Blevens' property rights by, in effect, consolidating historically separate lots in October 1991, thereby establishing a violation of their rights to procedural due process, the Blevenses must also show that they lacked adequate postdeprivation remedies for the alleged deprivation of their property rights. See Licari v. Ferruzzi, 22 F.3d ___ ______ ________ 344, 347 (1st Cir. 1994) (no violation of right to procedural due process where adequate postdeprivation remedies are available). In the instant case, the Blevenses failed even to seek, pursuant to state law, relief from the town planning board, the board of adjustment, or the superior court. See ___ N.H. Rev. Stat. Ann. 676:4; 676:5; 677:15. "[A]ppellants cannot complain of a violation of procedural -2- due process rights when appellants have made no attempt to avail themselves of existing state procedures." Boston ______ Environmental Sanitation Inspectors Asso. v. Boston, 794 F.2d ________________________________________ ______ 12, 13 (1st Cir. 1986). The judgment of the district court is summarily _________ affirmed. See 1st Cir. Loc. R. 27.1. ________ ____ -3-